# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | **JUDGE RICHARD L. SPEER** |
| Jeannette Dilworth | Case No. 06-3342 |
| Debtor(s) | (Related Case: 05-75071) |
| Louis Yoppolo, Trustee | |
| Plaintiff(s) | |
| v. | |
| MBNA American Bank | |
| Defendant(s) | |

## DECISION AND ORDER

This cause comes before the Court upon the Plaintiff/Trustee's Motion for Summary Judgment and the Defendant's Response. The Trustee's Motion is brought on his Complaint to avoid a preferential transfer based on 11 U.S.C. § 547(b). This Court has reviewed the arguments of counsel, exhibits, and the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Trustee's Motion for Summary Judgment should be Granted.

### FACTS

On August 22, 2005, the Debtor, Jeannette L. Dilworth (herein referred to as "Debtor"), used a balance transfer check, drawn on her CitiPlatinum Select Card (herein referred to as "CitiBank") account, to pay a debt of $10,500.00 to MBNA America Bank, N.A. (herein referred to as "MBNA" or "Defendant"). The funds were transferred directly from CitiBank to MBNA. On October 14, 2005,

Louis Yoppolo, Trustee v. MBNA America Bank
Case No. 06-3342

less than two months later, the Debtor filed her Voluntary Petition under Chapter 7 of the Bankruptcy Code. On June 23, 2006, the Trustee, Louis J. Yoppolo, filed this action to avoid the transfer pursuant to §547(b) of the Bankruptcy Code.

## DISCUSSION

The Trustee's Motion for Summary Judgment is brought on his Complaint to avoid a preferential transfer under 11 U.S.C. §547. The relevant portion of this provision provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
>
> > (1) to or for the benefit of a creditor;
> >
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> >
> > (3) made while the debtor was insolvent;
> >
> > (4) made–
> >
> > > (A) on or within 90 days before the date of the filing of the petition; or
> > >
> > > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> >
> > (5) that enables such creditor to receive more than such creditor would receive if–
> >
> > > (A) the case were a case under chapter 7 of this title;
> > >
> > > (B) the transfer had not been made; and
> > >
> > > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Page 2

**Louis Yoppolo, Trustee v. MBNA America Bank**
**Case No. 06-3342**

Proceedings to determine, avoid, or recover preferences are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F). Thus, this case is a core proceeding.

Procedurally, the instant cause is brought before the Court on a motion for summary judgment. Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P.56(c). This standard is made applicable to adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure. On a summary judgment motion, the burden is on the moving party to show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "In making this determination, the Court is directed to view all facts in the light most favorable to the nonmoving party." *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

As set forth in 11 U.S.C. § 547(g), the "trustee has the burden of proving the avoidability of a transfer . . ." On this burden, the Defendant's Response does not dispute that the Trustee has met his burden as it applies to the elements set forth in 11 U.S.C. § 547(b)(1) through (b)(5). Instead, the tenor of Defendant's argument is that, as contained in § 547(b)'s introductory language, there was no "transfer of an interest of the debtor in property." In support of this, the Defendant argues for the applicability of either of two doctrines that have been developed by the courts as a defense to a preference action: the diminution of estate doctrine and the earmarking doctrine.

The Sixth Circuit Court of Appeals addressed the diminution of estate doctrine in *Hartley v. Mandross*. *Hartley v. Mandross (In Re Hartley)*, 825 F.2d 1067, 1068 (6th Cir. 1987). In *In Re Hartley*, the Court explained that the diminution of estate doctrine, "asks whether [the] debtor controlled [the] property to [the] extent that he owned it and thus the transfer diminished his estate." The Court went on to say that "if [the] transfer diminishes [his] estate, other creditors are injured

Page 3

because less remains for them to share." *Id*. at 1070. In arguing for the application of this doctrine, the Defendant contends that the estate was not diminished because the Debtor's use of a balance transfer check had simply substituted one creditor for another.

After reviewing the doctrine, however, this Court finds that the Defendant's reliance on the diminution of estate doctrine is misplaced. As explained in *In Re Hartley*, under this doctrine, the determinative factor of whether there has been a transfer of the debtor's property is the debtor's degree of control over the distribution of funds. Here, the Debtor demonstrated significant, if not total control over the distribution of the funds when she decided to pay the Defendant, and not her other creditors. The key here is that the Debtor could have chosen to direct the funds to other creditors. In fact, the Defendant's Response inadvertently acknowledges the Debtor's control over the funds by stating that "[s]ince a balance transfer check . . .was used it seems quite clear that the Debtor may have chosen which existing creditor to designate for the balance transfer." (Doc. No. 16, at 4). Such an ability to direct the funds necessarily constitutes a sufficient degree of control, such that the funds became a part of her estate. Therefore, the transfer of these funds resulted in a diminution of the value of her bankruptcy estate.

The second doctrine relied upon by the Defendant, in defense to the Trustee's preference claim, is the earmarking doctrine. The earmarking doctrine is an equitable doctrine by which the use of borrowed funds to discharge a debt is deemed not to be a transfer of property of the debtor, and therefore not voidable. *Montgomery v. Third Nat. Bank (In Re Montgomery)*, 983 F.2d 1389 (6th Cir. 1993). The Eighth Circuit Court of Appeals identified three requirements that a transaction should meet in order to qualify for the earmarking doctrine: (1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt; (2) performance of that agreement according to its terms; and (3) the transaction viewed as a whole (including the transfer in of the new funds and the transfer out to the old creditor) does not result in any diminution of the estate. *Bohlen v. Nat. Bank of Waterloo (In Re Bohlen)*, 859 F.2d 561 (8th Cir.

1988). Similar to the previous doctrine, the earmarking doctrine is a valid defense against a preference claim. The distinction between the two doctrines is subtle; generally, the diminution of estate doctrine involves funds that become a part of the debtor's estate (depending on the debtor's degree of control) that, if transferred, result in a diminution of the estate. The earmarking doctrine involves funds that, if earmarked by the lender, do not become a part of the debtor's estate, so transfer of these funds would not disadvantage other creditors.

The basic facet of the earmarking doctrine is that the lender, not the debtor, decides which creditor will receive the proceeds of the loan. *Spitler v. Greewood Trust (In re Spitler)*, 213 B.R. 995, 998 (Bankr. N.D. Ohio 1997), *citing Montgomery*, 983 F.2d at 1395. Thus, by negative inference, the debtor's ability to exercise discretion in choosing which creditor to pay shows that the transferred funds were not earmarked. Under similar circumstances, this Court has had occasion to address the applicability of the earmarking doctrine.

In *In Re Spitler*, the Debtor used available credit from his credit card to pay $9,950.10 owed to the Defendant. 213 B.R. at 996. The Debtor accomplished this by using a convenience check, similar to the balance transfer check used by the Debtor in the case at bar. *Id*. The Court held that because the Debtor chose to pay the Defendant when he could have used the available credit to pay any number of creditors, the earmarking doctrine was unsuitable. *Id*. at 998-999. There is no reason to reach a different result in this case. As already explained, the Debtor in the instant case exercised a significant degree of control over the funds.

A final point to address is the Defendant's use of the Supreme Court case of *Begier v. IRS*, as a defense to the Trustee's preference claim. 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). The Court in *Begier* held that the Debtor's transfer of funds being held in trust was not preferential because the funds did not belong to the Debtor. 496 U.S. at 58. The Defendant's reliance on *Begier*, however, is also misplaced. The Debtor in this case did not transfer funds that were held "in trust."

Page 5

Louis Yoppolo, Trustee v. MBNA America Bank
Case No. 06-3342

The funds transferred were borrowed funds which the Debtor had both legal and equitable interests in, thus making *Begier* inapplicable.

For all of these reasons, this Court concludes that the Trustee has sustained his burden of showing that the transfer made by the Debtor was preferential. Additionally, the Defendant has not offered sufficient evidence to show that the doctrines raised in defense, the diminution of estate doctrine and the earmarking doctrine, are applicable. Hence, the Trustee is entitled to avoid the transfer pursuant to 11 U.S.C. § 547(b). In reaching this conclusion, this Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Summary Judgment be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that the transfer made by Citibank to the Defendant, MBNA America Bank, N.A., is hereby avoided as a preferential transfer pursuant to 11 U.S.C. § 547(b).

Dated: April 12, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

# ***CERTIFICATE OF SERVICE***

Copies were mailed this 12th day of April, 2007, to the following parties:

MBNA America Bank
PO Box 15168
MS 1423
Wilmington, DE 19850

Richard J Welt
673 Mohawk St
#203
Columbus, OH 43206

Louis J Yoppolo
300 Madison Ave
#1200
Toledo, OH 43604

Office of the U.S. Trustee
U.S. Courthouse
201 Superior Ave, East
#441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court